UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cr-00553 |
| | ) | |
| SARAH LYNN TWEEDIE | ) | |
| a/k/a Sarah Jauregui, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED MOTION FOR PRETRIAL DETENTION AND HEARING

COMES NOW, the United States of America, by and through Sayler A. Fleming, United States Attorney, and Kyle T. Bateman, Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order defendant Sarah Lynn Tweedie a/k/a Sarah Jauregui detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

## LEGAL STANDARD

1. The Bail Reform Act, codified at Title 18, United States Code, Section 3142, sets forth what courts have described as a "two step inquiry" to decide whether a defendant should be detained pending trial. *See United States v. Shakur*, 817 F.2d 189, 194 (2d Cir. 1987).

2. First, the United States must demonstrate that the case falls under one of the categories in Section 3142(f). *See United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) ("[T]he government has the burden to show that the case 'involves' one of the circumstances defined in § 3142(f)(1) or (2)." (quotation marks in original)). Relevant here, Section 3142(f)(2) requires a detention hearing "upon motion of the attorney for the Government or upon the judicial officer's

own motion in a case that involves (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

3.     Second, once the United States demonstrates that it is entitled to a detention hearing, the Court must hold a hearing and detain the defendant if, after the hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  In reaching this decision, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including "the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release."

4.     As the Eighth Circuit recently made clear, in making these two determinations under subsections (f)(2) and (e)(1), the Court need not conduct a "rigid two-step inquiry" before ordering detention.  *Cook*, 87 F.4th at 924.  Rather, the Court may "permissibly conduct[] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.*  Indeed, the Eighth Circuit recognized that "the § 3142(g) factors, which govern the § 3142(e)(1) inquiry, are relevant" to determining whether the case involves a serious risk of flight as well. *Id.*

5.     Once the United States demonstrates that the case involves a serious risk of flight, "either danger to the community or risk of flight is sufficient to authorize detention." *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991) (quoting *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986)).

6.      Pursuant to Title 18, United States Code, Section 3142(f)(2), the United States moves the Court to hold a detention hearing because this case involves a serious risk that Defendant will flee.  Further, based on the Section 3142(g) factors, there are no conditions that will reasonably assure Defendant's appearance or ensure the safety of the community if she were released.

## ARGUMENT

7.      Defendant is charged with three counts of mail fraud in violation of 18 U.S.C. § 1341; five counts of wire fraud in violation of 18 U.S.C. § 1343; and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.  Between April 2017 and December 2017, the defendant worked as a controller for LF.  Beginning in July 2017, the defendant employed numerous different methods of embezzling funds from LF that resulted in a loss of approximately $165,000.  As part of her scheme, the defendant used some of these embezzled funds to purchase an airplane ticket to Scotland.  One day in December 2018, the defendant told LF that her fiancé had been injured in a car accident and that she needed to leave suddenly to be with him.  In reality, the defendant had applied for and received a visa to live in Scotland, and she never planned to come back.  Indeed, since December 2017, the defendant has resided in Scotland.

8.      On June 21, 2018, the defendant was indicted by a Grand Jury in the Eastern District of Missouri.  On April 29, 2019, the United States formally transmitted its extradition request to Scotland.  Several months later, on July 9, 2019, the defendant was arrested by Scotland Police and granted bail.  Since that time, over the course of almost five years, the defendant has fought extradition to the United States.  The extradition process has involved numerous procedural hearings (many of which were delayed and continued at the request of the defendant), a four-day evidentiary hearing in January 2023, and three failed appeal attempts.  On or about March 27, 2024, the defendant's final leave to appeal was denied.  On April 23, 2024, the defendant was

collected from her home in Scotland by Scottish authorities. She was held in custody overnight and then escorted by United States Marshals onto airplanes from Scotland to St. Louis.

9. The defendant has no stable employment in the United States. The defendant's husband and her children reside in Scotland. The Government is not aware of any family connections in the Eastern District of Missouri who are willing to house the defendant.

10. In addition to having the ability to flee, Defendant has an incentive to flee based on the strength of the evidence against her. This includes, but is not limited to, statements and testimony of the defendant's former colleagues at LF, bank statements, credit card statements, purchase records from various vendors, and shipping records.

11. In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that the defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure her appearance in the future.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of the defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.


        */s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney